UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KYLE A. DANIELSON,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-84

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**
_____

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), the administrative record (doc. 7),[3] and the record as a whole.

I.

A.    **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of May 13, 2013. PageID 78. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, degenerative disc disease of the lumbar spine, bilateral carpal tunnel syndrome, and affective and anxiety disorders. PageID 80.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.
[3] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

After a first denial of his applications, Plaintiff received a hearing before ALJ George McHugh on September 21, 2015. PageID 126. The ALJ issued a written decision on December 1, 2015 finding Plaintiff not disabled. PageID 264-80. Upon Plaintiff's request for review, the Appeals Council issued a remand order, in part, for further evaluation of Plaintiff's mental impairment. PageID 289.

Plaintiff then received a second administrative hearing before ALJ Gregory Kenyon on January 25, 2017. PageID 171-200. ALJ Kenyon issued a written decision on April 4, 2017 again finding Plaintiff not disabled. PageID 78-99. Specifically, ALJ Kenyon found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[4] "there are jobs that exist in significant numbers in the national economy that [she] can perform[.]" PageID 89-99.

Thereafter, the Appeals Council denied Plaintiff's request to review ALJ Kenyon's April 4, 2017 decision, making his non-disability finding the final administrative decision of the Commissioner. PageID 51-54. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). This April 4, 2017 non-disability finding by ALJ Kenyon (hereinafter, "ALJ") is now before the Court for review.

B.  **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 78-99), Plaintiff's Statement of Errors (doc. 9) and the Commissioner's memorandum in opposition (doc. 10). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

---

[4] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

On appeal, Plaintiff argues that the ALJ erred in (1) evaluating the medical opinions of his treating psychologist; (2) evaluating the medical opinions of the state agency examining physicians; and (3) interpreting raw medical data. PageID 1471. Though construed in slightly different terms, the undersigned essentially agrees with Plaintiff's assignments of error.

The Commissioner's regulations provide that a claimant's "impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what [he or she] can do in a work setting." 20 C.F.R. § 404.1545(a)(1). An individual's RFC "is the most [he or she] can still do despite [his or her] limitations." *Id.* While the determination of an RFC is within the ALJ's province, "the RFC is ultimately a medical question that must find at least some support in the medical

4

evidence of record." *Powell v. Comm'r of Soc. Sec.*, No. 3:15-CV-406, 2017 WL 1129972, at *4 (S.D. Ohio Mar. 27, 2017) (citing *Casey v. Astrue*, 503 F.3d 687, 697 (8th Cir. 2007)). In other words, "[t]he opinions of treating physicians, consultative physicians, and medical experts who testify at hearings are crucial to determining a claimant's RFC because '[i]n making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms.'" *Isaacs v. Astrue*, No. 1:08-CV-00828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (quoting *Deskin v. Commissioner*, 605 F.Supp.2d 908, 912 (N.D. Ohio 2008)).

As noted, the ALJ concluded that Plaintiff had the RFC to perform a reduced range of "light work." PageID 89. To that end, the ALJ determined that due to Plaintiff's carpal tunnel, he could perform jobs that require no more than "frequent use of the upper extremities for pushing, pulling, reaching, and handling." *Id.* The ALJ further found that, due to Plaintiff's mental impairments, he was precluded from jobs that require more than "occasional contact with coworkers and supervisors." *Id*. The undersigned finds two errors in the ALJ's RFC analysis.

First, in concluding that Plaintiff was capable of work that required frequent use of his upper extremities, the ALJ found dispositive that Plaintiff "underwent carpal tunnel release surgery and follow up treatment notes confirm an excellent result with no complaints of post-operative pain or other symptoms." PageID 91. The ALJ's reliance on post-operation treatment notes, in this regard, is error because Plaintiff's surgery occurred on October 16, 2015 -- two years after the alleged disability onset date. PageID 1352. While an ALJ need not use any "magic words" in considering whether Plaintiff is entitled to a closed period of disability, *Sielaff v. Comm'r of Soc. Sec.*, No. 1:10-cv-1571, 2012 U.S. Dist. LEXIS 21079, at *3 (N.D. Ohio Feb. 21, 2012), it is necessary for the ALJ to consider every period during which [Plaintiff] may have been disabled." *Miller v. Comm'r of Soc. Sec.*, No. 13 CIV. 6233 LGS, 2015 WL 337488, at *24 (S.D.N.Y. Jan. 26, 2015). The ALJ exclusively considered Plaintiff's abilities after the surgery. PageID 90-91. In so doing, he committed reversible error by failing to consider whether Plaintiff's carpal tunnel may have caused him to be disabled during

5

the two years before the surgery.[5] *See Cash v. Comm'r of Soc. Sec.*, No. 3:16-CV-00175, 2017 WL 3473813, at *4 (S.D. Ohio Aug. 14, 2017), *report and recommendation adopted,* No. 3:16-CV-175, 2017 WL 3769371 (S.D. Ohio Aug. 29, 2017) (quoting *Pena v. Barnhart*, No. 01 CIV. 502 (BSJDF), 2002 WL 31487903, at *11 (S.D.N.Y. Oct. 29, 2002) (citing 42 U.S.C. §§ 1382c(a)(3)(A), 423(d)(1)(A)) ("[T]he ALJ should have considered not only whether Plaintiff was disabled at the time of the hearing, but also whether [she] was entitled to disability benefits for any closed, continuous period of not less than 12 months, following the date of [her] claim")); *Accord Lang v. Sec'y of Health & Human Servs.,* 875 F.2d 865 (6th Cir. 1989) (remanding case for further proceedings where ALJ did not specifically make a finding regarding whether plaintiff's impairments entitled him to a closed period of disability).

Second, the undersigned also finds error in the ALJ's determination of Plaintiff's mental RFC. In particular, the ALJ asserted that "it is not reasonable to find that superficial [is] more restrictive than occasional," and therefore included in Plaintiff's RFC only a restriction to "occasional contact with coworkers and supervisors."[6] PageID 95. However, occasional and superficial are not coterminous. Instead, "'[o]ccasional contact' goes to the quantity of time spent with [ ] individuals, whereas 'superficial contact' goes to the quality of the interactions." *Hurley v. Berryhill*, No. 1:17-CV-421-

---

[5] This error is especially egregious considering the objective findings demonstrating the severity of Plaintiff's carpal tunnel prior to the surgery. Specifically, Gurpal S. Ahiuwalia, M.D., consistently found "abnormalities in the sensory distribution of the median nerve. The thenar strength is mildly diminished…the Phalen's test is positive. The Tinel's is positive. The median nerve compression test is positive." PageID 1278, 1344, 1348. Moreover, an EMG revealed "severe left median neuropathy at the wrist (carpal tunnel syndrome) involving sensory and motor fibers with evidence of acute and chronic axonal loss" and "moderate right median neuropathy at the wrist (carpal tunnel syndrome) involving sensory and motor fibers []." None of the medical source opinions relied on by the ALJ were based on a review of plaintiff's medical records that included this EMG data.

[6] The undersigned also notes that there is sufficient evidence in the record to support a conclusion that the Plaintiff should be limited to superficial contact. Todd Finnerty, Psy.D. and Carl Tishler, Ph.D., state agency reviewing psychologists, agreed that Plaintiff can only "interact with others superficially." PageID 211, 223, 240. Further, Bobbie Fussichen, C.N.P. Plaintiff's treating psychiatric nurse, concluded that Plaintiff had "marked difficulty maintaining social functioning," "psychomotor agitation...and hostility and irritability," and documented irritability. PageID 1012-14, 1151-53. Finally, Plaintiff's treating psychiatrist, Valerie Houseknect, M.D., diagnosed Plaintiff with Major Depressive order and listed "irritability" as one of his symptoms. PageID 718. She further concluded that Plaintiff's impairment would interfere with his ability to perform sustained work activity because of his "irritability in interpersonal relationships." PageID 719.

6

TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018) (citations omitted). In finding Plaintiff not disabled, the ALJ relied on responses to hypotheticals he posed to the Vocational Expert ("VE") that only limited an individual to "occasional contact." PageID 196-97. Therefore, the ALJ failed to meet his burden at Step Five because the Court cannot discern whether the additional limitation -- to "superficial contact" -- would preclude substantial gainful employment in the national economy.[7] *Perrine v. Berryhill*, No. 1:18-CV-492019, 2019 U.S. Dist. LEXIS 49415, at *21 (N.D. Ohio Mar. 25, 2019) (finding a distinction between occasional and superficial necessitating reversal because "[t]he court cannot determine whether the ALJ's hypothetical [posed to the VE] adequately incorporated all of Plaintiff's limitations").

In light of all the foregoing, the undersigned finds reversible error in the ALJ's determination of Plaintiff's RFC.

### IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027,

---

[7] At Step Five, the burden shifts to the ALJ to demonstrate that Plaintiff can perform substantial gainful employment existing in the national economy. 20 C.F.R. § 404.1520(b)-(g); *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). "Testimony from a vocational expert—in response to a hypothetical question—may constitute substantial evidence that a claimant retains the ability to perform specific jobs, so long as the hypothetical question accurately accounts for a claimant's physical and mental impairments." *Perrine*, 2019 U.S. Dist. Lexis 49415, at *21 n. 6 (citing *Pasco v. Comm'r of Soc. Sec.*, 137 Fed. App'x 828, 845 (6th Cir. 2005)).

7

1041 (6th Cir. 1994). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings -- as specifically set forth above -- is proper.

**V.**

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.

Date: April 22, 2019             s/ Michael J. Newman
                                                                        Michael J. Newman
                                                                        United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).